**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000649
14-FEB-2012
08:14 AM**

NO. CAAP-11-0000649

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GRACE JUAN LAPEREJO, Plaintiff-Appellee, v.
DOMINADOR L. LAPEREJO, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 08-1-3575)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Dominador L. Laparejo's (Appellant) appeal from the Honorable Catherine H. Remigio's August 2, 2011 order denying Appellant's July 11, 2011 motion to conduct genetic DNA tests, because the August 2, 2011 order is not an appealable final order under Hawaii Revised Statutes (HRS) § 571-54 (2006).

On April 6, 2009, the family court entered a divorce decree in this case. Thus, the August 2, 2011 order from which Appellant is appealing is a post-judgment order. "An interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" HRS § 571-54 (2006). In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2010). "A post-judgment order is an appealable final order under HRS § 641-1(a) if the order finally determines the post-judgment proceeding." Hall v. Hall, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawai'i 318, 22 P.3d 965 (2001). In other words, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Id. Thus, for example, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Id. at 160, 80 P.3d at 981 (citation omitted). Likewise, an order granting or denying a motion for post-judgment relief under Rule 60(b) of the Hawai'i Family Court Rules (HFCR) is an appealable final order under HRS § 571-54.

The August 2, 2011 order finally determined the post-judgment proceeding for Appellant's July 11, 2011 motion to conduct genetic DNA tests. Nevertheless, Appellant's July 11, 2011 motion to require genetic DNA tests was simply a small post-judgment proceeding within a greater, overarching post-judgment proceeding for Appellant's pending July 30, 2010 motion for post-decree relief regarding paternity and child support, which the family court had scheduled to go to trial on July 22, 2011. The family court stated in the August 2, 2011 order that July 22, 2011 trial was now off the calendar, but the August 2, 2011 order did not adjudicate Appellant's July 30, 2010 motion for post-decree relief regarding paternity and child support, which is still pending before the family court. In other words, the August 2, 2011 order did <u>not</u> finally determine Appellant's July 30, 2010 motion for post-decree relief regarding paternity and child support, leaving nothing further to be accomplished. Therefore, the August 2, 2011 order denying Appellant's July 11, 2011 motion to conduct genetic DNA tests is not an appealable final post-judgment order pursuant to HRS § 571-54.

Although exceptions to the final order requirement exist under <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848), (the <u>Forgay</u> doctrine) and the collateral order doctrine, the August 2, 2011 order does not satisfy the requirements for appealability under the <u>Forgay</u> doctrine or the collateral order doctrine. See <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88

Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine). Absent an appealable final post-judgment order, Appellant's appeal is premature, and we lack appellate jurisdiction over this appellate case.

Accordingly, IT IS HEREBY ORDERED that Appeal NO. CAAP-11-0000649 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 14, 2012.

Presiding Judge

Associate Judge

Associate Judge

-4-